IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

DALLAS CLEON POOLE SR. )
Plaintiff )
)
v. ) Case No. 4:22CV148 m
)
CARLOS DEL TORO )
Secretary, )
U.S. Department of the Navy)
Agency. )

**INTRODUCTION**

1. Plaintiff resides at 117 Realini Drive Havelock, North Carolina 28532.

2. Defendant name: The Honorable Mr. Carlos Del Toro
Location of principal office(s) on the named defendant: Washington DC.
Nature of defendant business: Secretary U.S. Department of the Navy
Approximate number of individuals employed by defendant: An estimated 900,000 Sailors, Marines, reservists, and civilian personnel.

3. This action is brought pursuant to Title VII of the Civil Rights Acts of 1964 for employment discrimination. Jurisdiction is specifically conferred on this court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under U.S.C. § 20003-5(g).

4. The acts complained of in this suit concern and/or other acts as specified below:

Federal Tort Claims Act, False Claims Act, statue 375, in which the Agency disregarded the prohibited behavior of Wounded Warrior Regiment (WWR) Command Judge Advocate (CJA) Captain (Capt) Gavriel

Swerling while in his official capacity, furnished numerous false accusations against Plaintiff in retaliation for submitting a Congressional Inquiry dated Thursday, 29 July 2020. The Congressional Inquiry outlined a number of gift violations by WWR. Enclosure 1, Congressional Inquiry.

Monday, 19 April 2021, Plaintiff submitted an EEO complaint against Capt Swerling for continued hostility, which generated an adverse work environment. Capt Swerling continued slanderous remarks in an effort to have Plaintiff removed from his current position and efforts for Plaintiff's removal continued even after filing the Congressional Inquiry.

Monday, 2 May 2022, the Plaintiff filed an appeal to The Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), P. O. Box 77960 Washington DC 20013.

## COMPLAINT

This civil lawsuit is based exclusively on evidence and statements of facts of a prima facie case and harm was inflicted on Plaintiff motivated by retaliation while Plaintiff was engaged in protected activity.

Plaintiff participated in a complaint process which is protected from retaliation under all circumstances. Other acts to oppose discrimination are protected as long as the Plaintiff was acting on a reasonable belief that something in the workplace may violate Equal Employment Opportunity (EEO) laws, even if Plaintiff did not use legal terminology to describe it. It is unlawful to retaliate against

[2]

Plaintiff for filing a Congressional Inquiry to his elected official about employment discrimination, including harassment.

The Agency was negligent in preventing the unethical employment practices committed by Capt Swerling. The Agency made it acceptable for Capt Swerling to repeatedly make false accusations, damaging the Plaintiff's good working relationship with adjacent organizations, the Plaintiff's reputation within his command and impaired the Plaintiff's ability to conduct daily business with outside organizations due to Capt Swerling's continued interference.

Thursday, 2 September 2021, Capt Swerling was asked by the Investigation and Resolutions Directorate (IRD) Diversity Management "Did you accuse Plaintiff of committing unethical acts while soliciting gifts? If yes, explain fully."

Capt Swerling response "<u>Yes. On multiple occasions, Plaintiff improperly accepted gifts by not getting the proper approval before hand or not following the proper gift acceptance procedure</u>."

The Agency cannot provide *any* evidence the Plaintiff improperly accepted gifts by not obtaining the proper approval before hand or not following the proper gift acceptance procedure. The below misleading claims by Capt Swerling fostered an adverse influence of Plaintiff's character, and presumption by Plaintiff's Second Line Supervisor Wounded Warrior Battalion-East (WWBn-E) Commanding Officer (CO) Lieutenant Colonel (LtCol) Kevin Misner. Additionally, evidence will show there was no response, guidance, and/or leadership from **[Manager]** WWR CO Colonel (Col) Richard Pitchford regarding the fictitious claims:

*Claim 1. Monday, 23 November 2020, Capt Swerling, disrupted the adjudication of and further stalled findings regarding Complainant's Congressional Inquiry. This was done by furtively providing the WWR Commanding Officer (CO), Colonel Richard Pitchford and Wounded Warrior Battalion-East (WWBn-E) Lieutenant Colonel Kevin Misner with erroneous guidance, stating the Plaintiff was pending a Meritorious Service Protection Board's (MSPB) final determination, and any further response regarding the Congressional Inquiry would be premature for the command.*

The Plaintiff should rate a response to a Congressional Inquiry despite any other pending legal matter. The fact that Capt Swerling provided the commander of WWR with legal advice as "did not warrant a response due to a final determination from a Meritorious Service Protection Board (MSPB)" is a management failure of oversight on Capt Swerling.

*Claim 2. Wednesday, 2 December 2020, Capt Swerling's effort to secure influence with the Plaintiff's leadership when he emailed both immediate supervisor and battalion Sergeant Major <u>of past gift acceptance violation in which Capt Swerling had to take matters to the Judge Advocates Division (JAD) for support</u>. When the Plaintiff requested clarification and any supporting documentation submitted to JAD to avoid future issues, the Agency failed to provide any, and no response was received.*

The Agency lacked oversight of Capt Swerling, as he made significant efforts to tarnish Plaintiff's working relationships, and establish a pattern of errors by the Plaintiff, that had to be

[4]

corrected by Capt Swerling. When challenged for evidence by Plaintiff, Capt Swerling could not produce any documentation.

Claim 2 was a false accusation against Plaintiff emailed to Plaintiff's First Line Supervisor WWBn-E Operations Officer Major (Maj) Ruben Esquivel, Executive Officer Maj Charles Poulton, and Sergeant Major (SgtMaj) Paul Forde.

The misleading information was to avert the Nassau County Firefighters from visiting WWBn-E to support Wounded Ill and Injury service members and their families. The firefighters travel hundreds of miles from New York to Camp Lejeune, North Carolina to only be turned away and have their gifts stored while WWBn-E Family Readiness Officer Mrs. Amanda Daniels and Semper Fi Fund Mrs. Carey Hawkins conducted a "grab and go" lunch at WWBn-E the same day.

Wednesday, 2 December 2020, Capt Swerling's emailed statement to management officials: "The past two years, this even grew into something bigger than what it was initially claimed to be. The end result was that we violated the ethics rules and had to report ourselves to Judge Advocate Division (JAD) to do an after the fact gift acceptance and remedy the problem."

**2018**: The Nassau County Firefighters visited the battalion in 2018 but the organization did not hand out any gifts and Plaintiff was not at the battalion for the 2018 visit. <u>Plaintiff was on his **second** Administrative Leave in 2018 due to **resurrected** charges by WWR CO Col Lawrence Miller and a false charge by Capt Swerling</u>.

**2019**: Friday, 3 January 2020, WWR CJA Capt Swerling provided a late entry legal concur for 2019 stating "After opining that I did not

[5]

concur with accepting this gift, Major Poulton explained to me that this was not an instance of mission creep, but rather a coincidence that three different NFEs were trying to donate on the same day. After gaining a better understanding of the situation I verbally changed my opinion to legal concur prior to the event taking place. The gift is being offered by a non-prohibited source and the offer does not discriminate on the basis of type of official responsibility or in favor of those of higher rank or rate of pay. As a result, this is an acceptable "group gift" under 5 C.F.R. 2635.204(c)(2)(iii). - GBS."

Monday, 7 December 2020, Plaintiff emailed management officials "<u>I respectfully request Captain Swerling/Wounded Warrior Regiment please provide the after fact gift acceptance report provided to the Judge Advocate Division (JAD) so Wounded Warrior Battalion-East can avoid these issues in the future</u>." Management officials within the Agency failed to provide a response because Capt Swerling's email was a fabrication.

Friday, 3 September 2021, Plaintiff Second Line Supervisor, WWBn-E CO LtCol Misner statement regarding the above claim 2 "<u>I do think it prudent to more closely supervise an employee whom engaged in past activity that resulted in formal suspension. Not doing so would be reckless in my opinion</u>."

**Claim 3. Wednesday, 6 January 2021, Capt Swerling accused Plaintiff of having numerous inaccuracies in the Plaintiff's monthly gift reports; however, complimentary reports were submitted by WWBn-West receive**

**approval without a hateful email by Capt Swerling without discord despite almost similar monthly gift reports.**

Evidence provided show's Plaintiff submitted monthly gift reports on time to WWR Charitable Organizations Mr. Willie Jordon to review. Plaintiff <u>**never**</u> had any complaints or derogatory emails from Capt Swerling prior to the Congressional Inquiry. Wednesday, 21 January 2021, Capt Swerling requested to be "cc" on all monthly gift reports.

Monday, 30 December 2019, Capt Swerling requested WWBn-E and West to "please continue to use the attached template that we have been using since we created a more comprehensive gift report for our records."

Friday, 3 September 2021, Plaintiff Second Line Supervisor, WWBn-E CO LtCol Misner statement to the above claim 3 "<u>I do think it prudent to more closely supervise an employee who engaged in past activity that resulted in formal suspension. Not doing so would be reckless in my opinion</u>."

***Claim 4. Capt Swerling initially approved all gift offers for WWBn-E And West in support of Marine Corps Trials. Abruptly, Capt Swerling rescinded all of the approvals. Monday, 8 March 2021, Captain Swerling Surreptitiously attempted to bait the Plaintiff's office (WWBn-East) with entrapping and probing questions as though the Plaintiff solicited gift support in an unethical manner.***

Saturday, 21 November 2020, Office of Legislative Affairs stated WWR CO Col Pitchford and Capt Swerling conducted an extensive inquiry into Mr. Poole's concerns [Congressional Inquiry]." "Since Mr. Poole has an active MSPB and EEOC case pending, it would be inappropriate

for our office further comments on Mr. Poole's case at this particular time."

Friday, 3 September 2021, WWBn-E CO LtCol Misner stated to the above claim 4 "<u>Capt Swerling did inform me that he was going to ask Mr. Poole for greater clarity on the gift actions related to the Marine Corps Trials. Capt Swerling gave more attention to Complainant, but it had to do with the fact Complainant was a twice-suspended employee who had a history of doing things wrong.</u>"

Tuesday, 14 September 2021, WWR Col Pitchford, was asked by the IRD Diversity Management on Monday, 23 November 2020 did "Capt Swerling disrupted the adjudication of and install finding regarding Complainant's Congressional Inquiry by providing incorrect guidance to the Wounded Warrior Regiment Commanding Officer". Col Pitchford did not address the question regarding the Congressional Inquiry and stated "**<u>I don't recall any specific guidance given to me by Capt Swerling regarding the Complainant</u>**."

Additionally, Col Pitchford was asked "Do you have any direct, firsthand knowledge of **claims 2, 3, or 4** (that Capt Swerling negatively tainted Complainant's reputation, accused Complainant of having numerous inaccuracies in gift reports, or accused Complainant's office of committing unethical act while soliciting gifts)? If yes, explain briefly by providing the claim number and your knowledge-if no knowledge, so state. Col Pitchford response "**<u>No</u>.**"

WWR CO Col Pitchford's Equal Opportunity-Discrimination & Sexual Harassment dated Tuesday, 18 February 2020, in the Report of

Investigation (ROI): "_Preventing discrimination is a leadership issue, and discrimination, in any form and at any level, will not be tolerated. All personnel will be treated with the utmost dignity, respect, and fairness. Discrimination detracts from the mission and lowers morale. Commanders must create and sustain a positive command equal opportunity climate, while ensure that complainants have legal protection from any form of reprisal. All complaints will be expeditiously and thoroughly investigated. All violations to this policy, to include false complaints, will be aggressively pursed until resolved. I charge every member of this command to report any violations of this standard._"

WWR CO Col Pitchford's Prohibited Activities and Conduct Policy Statement dated Tuesday, 18 February 2020. "_The Wounded Warrior Regiment (WWR) is committed to developing and maintaining a professional environment where every Marine, Sailor, and Civilian is treated with the utmost dignity and respect. Each member of this command is entitled to a work environment free from discriminatory practices, harassment, inappropriate conduct, and unprofessional behavior. These behaviors are counterproductive and conflict with our core values of "Honor, Courage, and Commitment._"

Plaintiff dispute the memo of law cases, legal standards, or policies regarding discrimination, harassment/HWE and reprisal posted in the workplace when the Agency fails to provide leadership, guidance, and or solutions to Plaintiff. In this matter, there exists serious credibility and factual issues that can only be resolved at a trial.

**STATEMENT OF FACTS**

Tuesday, 2 September 2021, Capt Swerling's spot-on statement in his declaration is relevant to this civil action case. "<u>I played an active role in trying to remove Plaintiff from public service (the deciding official ultimately gave him a 20 day suspension instead)</u>." Capt Swerling served as the CJA from January 2018 – June 2021 and the totality of his discrimination in playing an active role to remove Plaintiff from public service continued after Col Miller was relieved of command on Thursday, 19 November 2019.

Tuesday, 19 March 2019, WWR CO Col Miller Declaration in accordance with 28 U.S.C. Section 1746 stated that he "received legal guidance from Capt Swerling concerning the issuance of Notice of Proposed removals."

In his official capacity, Capt Swerling provided legal guidance for WWR CO Col Miller who then **altered** government documents (Notice of Proposed removals) and Capt Swerling submitted a false charge against Plaintiff on Wednesday, 26 September 2018 [Charge 2: Failure to follow Gift Acceptance Procedures].

Evidence will show that entities within the Agency to include Headquarters U.S. Marine Corps Human Resources and Organizational Management Branch, Quantico Virginia played an active role in trying to remove Plaintiff for public service.

Wednesday, 20 February 2019, Plaintiff emailed his First Line Supervisor, Major Charles Poulton, regarding harassment from Capt

[10]

Swerling.  Email document was filed in EEO complaint dated Tuesday, 5 March 2019.

Saturday, 15 August 2020, Plaintiff informed his Second Line Supervisor, WWBn-E CO LtCol Misner that Capt Swerling circumvented his office and presented a policy letter signed Thursday, 6 August, 2020 [LtCol Misner's signature], to WWBn-W Charitable Organizations.

Wednesday, 12 August 2020, WWBn-W Mr. Sterling Bullock called Plaintiff stating that he received a copy of Wounded Warrior Battalion-East's policy letter, forwarded from the regimental Command Judge Advocate, Capt Swerling.  Capt Swerling was using this as though it was an addendum to the Regimental policy.  Mr. Bullock informed me that Capt Swerling told him that Non Federal Entities (NFE) must start going through Marine Corps Community Service (MCSS) for battalion lunches.

Monday, 17 August 2020, Plaintiff Second Line Supervisor, LtCol Misner emailed Plaintiff stating "<u>I apologize that this came up in the manner it did, I assumed (apparently incorrectly) that you would have been briefed/provided input prior to this document leaving the S-3 and making its way to me</u>." Enclosure 2, Policy Letter 1-20.

Tuesday, 30 March 2021, Capt Swerling conducted a **"reset"** and wrote recommendations not for the betterment of WWR but to appease Mrs. Daniels and Mrs. Hawkins. Plaintiff recommendations were overlooked and Mrs. Daniels recommendations were accepted to create "commercial sponsorship."  The illusion was that the letter was now Capt Swerling's recommendations but the reality is that Management

[11]

Officials within the Agency were utilizing the letter as established policy. Enclosure 3, CJA WWR Recommendations letter.

Tuesday, 9 June 2021, Plaintiff was blatantly discriminated against by the Agency. Plaintiff's counterpart at WWBn-West Mrs. Helen Liguori requested change to order and it was granted. Plaintiff request "For commercially sponsored WWR events, the cognizant charitable orgs and family readiness personnel, in consultation with the WWR CJA, shall ensure compliance with all applicable rules and regulations governing commercial sponsorships" was **denied**. Enclosure 4, WWRO 4001.2B.

This civil action is not a dispute with polices or sponsorship but a systematic effort of the Agency to mass a campaign based on the continued retaliation, discrimination and false accusations.

Management officials within the Agency cannot delegate leadership responsibilities to lower echelon. There is no legal safe harbor for leadership to simply ignore and or overlook the partisanship for some but significant scrutiny of Plaintiff efforts without any merit.

This civil action is deeply rooted in resentment, reprisal, and the lack of equally in the workplace because Plaintiff is a person of color. The Agency failure to address enclosure 1, further shaped a toxic culture. Plaintiff outlined the lack of civility and equality he received during a command investigation opposed to the preferential treatment Mrs. Daniels received during and after the CI. Email documentation to management officials will reveal the preferential treatment and double standard is a reality in WWR.

[12]
Case 4:22-cv-00148-BO-BM   Document 1   Filed 11/30/22   Page 12 of 17

Additionally, on Tuesday, 17 August 2021, Plaintiff emailed management officials within the Agency [including Capt Swerling] that "we have a duty to "place loyalty to the Constitution, laws, and ethical principles above private gain" and to "ensure that every citizen can have complete confidence in the integrity of the Federal Government" (5 CFR 2635.101(a)). To that end, it is our responsibility to not only comply with federal ethical regulations, but to "endeavor to avoid any actions creating the appearance that [we] are violating the law or the ethical standard" (5 CFR 2635.101(b)(14))."

Plaintiff "respectfully requests the regimental leadership [Col Pitchford] not accept/approve the proposed recommendations due to inappropriate relationship between WWR and Semper Fi Fund. Thursday, June 20 2018, WWR LtCol Coleman accepted a Semper Fi Fund lunch for his Change of Command ceremony. LtCol Coleman with support of Semper Fi Fund continued to accept gifts although he no longer held command at WWBn-E and was in no position to authorize approval of donations. LtCol Coleman received a personal gift in the amount of $1,945.00 for Celluma treatment on 24 September 2019. LtCol Coleman was later provided another personal gift in the amount of $848.00 for a CPAP cleaning machine and Theragun Massage Device on 30 March 2020. Mrs. Hawkins offered the CPAP cleaning machine and Theragun Massage Device. The gift information sheet had LtCol Coleman listed as a Recovering Service Member (RSM). Both Semper Fi Fund gift offers received legal concurrence from Capt Swerling.

[13]

It is unethical for Captain Swerling to provide legal concurrences for LtCol Coleman while serving is his official capacity as the WWR XO. LtCol Coleman is not a Recovering Service Member. Meanwhile, WWBn-E CO is declining gifts for Recovering Service Members [GySgt Mckinnon and LtCol Baker]."

Plaintiff is the battalion's Veteran and Charitable Organization Program Coordinator and according to Plaintiff's Position Description (PD), <u>this office is the subject matter expert with regards to "charitable and volunteer support service organizations in relation to their support for wounded, ill, and injured Marines and Sailors." Plaintiff "advices the Commanding Officer and his/her staff of potential concerns that may arise with each organization and to ensure all interactions are advised. I coordinate with higher and adjacent commands in all matters relating to external/internal support to members of Wounded Warrior Battalion-East</u>."

Plaintiff <u>advise and assist with overall coordination of support to Marines at every echelon; battalion, company, Patient Affairs Team, etc. I am the single point of contact for the Commanding Officer on clinical and community relations to service and organizations available to support Marines, Sailors, and their families</u>."

The Agency had a responsibility to address matters that have escalated appropriate channels with adequate and proper attention in order to maintain good order and discipline within WWR. A preponderance of evidence will show that Plaintiff provided countless notifications to management officials which were ignored without any guidance, recommendations, or possible solution to deescalate a toxic

[14]

and hostile climate within the command.  Management officials within the Agency abandon their moral obligations of laws, promises and principles.

5.   Plaintiff is:

(A)   Presently employed by the Agency.

6.   Agency's conduct was discriminatory under the protections provided within the scope of the Federal Tort Claims Act.

Capt Swerling was assigned to WWR acting within the scope of employment when the negligent acts occurred.

7.   The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant's company is: <u>Captain Gavriel B. Swerling, Caucasian, Male, Command Judge Advocate Wounded Warrior Regiment 30 March 2017 thru 21 November 2019</u>.

8.   The alleged discrimination occurred on or about Monday, 29 January 2018 thru Thursday, 21 November 2019.

9.   The nature of my complaint, conditions of my employment are as follows:

10.   The alleged illegal activity took place at:
Wounded Warrior Battalion-East, Camp Lejeune, North Carolina 28542

11.      Thursday, 3 November 2022, OFO affirmed the Agency's final order adopting the AJ's decision for the Agency. Pursuant OFO final order, Plaintiff filed civil action Monday, 28 November 2022.

12.   Plaintiff seek the following relief: (A) Trial by jury on all issues so triable; and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

November 30, 2022
Date

_____
Signature of Plaintiff

Dallas C. Poole Sr.

117 Realini Drive, Havelock, NC 28532-9414

Phone number: 910-378-5961

CERTIFICATE OF SERVICE

I hereby certify to opt out of the administrative appellate process because I desire to file a lawsuit in the appropriate United States District Court. Pursuant to decision document dated 3 November, 2022 for the discrimination case of **DALLAS POOLE v. CARLOS DEL TORO, SECRETARY U.S. DEPARTMENT OF THE NAVY.** Agency number: 21-00027-00612, was sent the date cited below to:

**Via Priority Mail Express to Employment Opportunity Commission (EEOC) (202) 663-7022. Tracking number EI 390 573 731 US**

Director, Office of Federal Operations
Equal Employment Opportunity Commission
Office of Federal Operations
131 M Street NE
Washington, DC 20507

**This notice to opt out of administrative appellate process was also forwarded by electronic mail to:**

**AGENCY REPRESENTATIVE:**
Denise Gillis, Associate Counsel
Manpower & Reserve Affairs
Quantico, VA 22134
703-784-9642
Denise.gillis@usmc.mil

**SERVICING EEO OFFICE:**
Penny Thomison
3000 Marine Corps Pentagon RM2A270
Washington, DC 20035-3000
571-256-8301
penny.thomison@usmc.mil

For timeliness purposes, it will be presumed that this request to opt out of administrative appellate process was received within five (5) calendar days after it was sent:

Date: November 28, 2022

Dallas Poole
117 Realini Drive
Havelock, NC 28532
(910)378-5961
dallascpoole@yahoo.com